**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **PINNACLE BANK,**<br><br>**Plaintiff,**<br>**v.**<br><br>**D&C INVESTMENTS, LLC, and DG EUFAULA, LLC**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIV. A. NO. 26-964** |

## COMPLAINT FOR DECLARATORY JUDGMENT AND REDEMPTION

Plaintiff Pinnacle Bank ("Pinnacle") respectfully submits this complaint for declaratory judgment and redemption against Defendants D & C Investments, LLC ("D&C") and DG Eufaula, LLC ("DG Eufaula") pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 2201 and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to establish and enforce Pinnacle's rights, as the holder of a recorded mortgage, in and to certain real property located at 1485 South Eufaula Avenue, Eufaula, Alabama 36027 (the "Property").

2. The Property was sold at a 2019 Barbour County tax sale for ad valorem taxes that had been assessed in the name of a former owner rather than the then-record owner. Pinnacle seeks a judgment declaring the parties' respective rights in the Property and, in the alternative, permitting Pinnacle to redeem the Property from the tax sale by statutory, judicial, and equitable redemption, and fixing the amount required to do so.

## PARTIES

2. Plaintiff Pinnacle Bank is a Tennessee state-chartered bank with an address of 150 32nd Avenue South, Suite 900, Nashville, Tennessee 37201. Pinnacle is the holder of a recorded mortgage encumbering the Property and is a mortgagee and party in interest entitled to redeem the Property.

3. Defendant D & C Investments, LLC is an Alabama limited liability company with a mailing address of 29 Grove Street, Headland, Alabama 36345. D&C claims an interest in the Property by virtue of the tax sale and the tax deeds described below and is the party adverse to Pinnacle in this action.

4. Defendant DG Eufaula, LLC is a Maryland limited liability company with an address of 10331 Wilde Lake Terrace, Columbia, Maryland 21044. DG Eufaula is the record owner of the Property and the mortgagor under Pinnacle's mortgage. DG Eufaula is joined solely because of its ownership interest in the Property, which may be affected by the relief requested; it is a necessary party under Federal Rule of Civil Procedure 19. Pinnacle asserts no claim for damages against DG Eufaula in this action.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action because complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

6. Venue is proper in this Court because the Property is located in Barbour County, Alabama, which is within the Northern Division of the Middle District of Alabama. 28 U.S.C. § 1391(b)(2).

## THE PROPERTY

7. The Property, which is located at 1485 South Eufaula Avenue, Eufaula, Alabama 36027, consists of Barbour County Parcel Nos. 24-03-05-3-003-007.000 and 24-03-05-3-003-008.000.

8. Parcel No. 24-03-05-3-003-007.000 is described as: "89.7 X 203.7 IRR COM AT INTER E ROW US HWY 431 & N/S LYNN ST; TH NE 132' ALG HWY 431 TO POB; TH SE 210'; TH NE 38'; TH NW 204'; TH SW 90' TO POB," lying and being situated in Barbour County, Alabama.

9. Parcel No. 24-03-05-3-003-008.000 is described as: "IMPROVEMENTS & A LOT DESC AS BEG AT INTER OF E ROW OF HWY 431 WITH N ROW O LYNN ST; TH SE 358'; NE 192'; NW 128' SW 60'; NW 210'; SE 132' TO POB LOT SE/SW 132 X 358 IRR," lying and being situated in Barbour County, Alabama.

10. The two parcels are also described collectively as Lot 1, according to the Survey of TBG Highway 431, as recorded in Map Book 5, page 74, in the Office of the Judge of Probate of Barbour County, Alabama, Eufaula Division.

## FACTUAL BACKGROUND

### I. DG Eufaula's acquisition and the prior mortgages

11. By Special Warranty Deed dated November 30, 2017, Lifetree, LLC ("Lifetree") conveyed the Property to DG Eufaula.

12. The Warranty Deed memorializing this sale was recorded December 8, 2017, in OFFR Book 365, at Pages 371–375, in the Office of the Judge of Probate of Barbour County, Alabama.

13. DG Eufaula has been the record owner of the Property at all times since December 8, 2017.

14. Contemporaneously with its acquisition, on November 30, 2017, DG Eufaula executed and delivered to Access National Bank ("Access") a purchase money mortgage encumbering the Property in the principal amount of $944,000, and a second purchase money mortgage encumbering the Property in the principal amount of $390,250 (together, the "Access Mortgages").

15. The Access Mortgages were recorded in the Office of the Judge of Probate of Barbour County, Alabama, on December 8, 2017. The Access Mortgages were therefore duly recorded liens on the Property as of that date.

**II. The misassessment and the 2019 tax sale**

15. In connection with its purchase, DG Eufaula paid the ad valorem taxes then due on the Property, and the deed vesting title in DG Eufaula directed that subsequent tax bills be sent to DG Eufaula.

16. Notwithstanding that direction, the county tax records were never updated to reflect DG Eufaula's ownership, and the Property continued to be assessed in the name of the former owner, Lifetree.

17. As a result of the misassessment, the 2018 ad valorem taxes on the Property—assessed in the name of Lifetree rather than the record owner, DG Eufaula—went unpaid.

18. All notices concerning the delinquency and tax sale were given in the name of Lifetree and not in the name of DG Eufaula, the record title holder at the time of

the sale. DG Eufaula, the true owner, received no notice of the proceedings against the Property.

19. On May 7, 2019, the Property was sold at the Barbour County tax sale on account of the unpaid 2018 taxes, and D&C was the purchaser, receiving certificates of purchase for both parcels.

20. DG Eufaula remained in possession of the Property at all times following the tax sale and has never surrendered possession to D&C.

## III. The 2022 tax deeds

21. On June 15, 2022, the Barbour County Revenue Commissioner executed and delivered to D&C two tax deeds: Tax Deed No. 55, conveying Parcel No. 24-03-05-3-003-007.000, and Tax Deed No. 56, conveying Parcel No. 24-03-05-3-003-008.000. The tax deeds were recorded that same day in OFFR Book 431, at Pages 776–779.

22. By their terms, each tax deed purports to convey only "all the right, title and interest of the said LIFETREE LLC, owner as aforesaid," together with the right, title, and claim of the State and County on account of the taxes. The tax deeds did not purport to convey, and could not have conveyed, the interest of DG Eufaula, which was the record owner at the time of the sale.

## IV. Pinnacle's mortgage and satisfaction of the Access Mortgages

23. On August 31, 2022, DG Eufaula executed and delivered to Pinnacle a Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing encumbering the Property and securing a maximum principal amount of $1,194,000 (the "Pinnacle Mortgage").

24. The Pinnacle Mortgage was recorded on September 14, 2022, in OFFR Book 435, at Page 252, in the Office of the Judge of Probate of Barbour County, Alabama.

25. The proceeds of the loan secured by the Pinnacle Mortgage were used to pay off and discharge the Access Mortgages in full. At closing, $834,849.93 and $352,752.17 of the loan proceeds were disbursed to satisfy the first and second Access Mortgages, respectively.

26. Satisfactions of the Access Mortgages were recorded on September 16, 2022.

27. Because the Pinnacle Mortgage loan was made and used to pay off and discharge the Access Mortgages—which were duly recorded liens on the Property as of December 8, 2017, before the May 7, 2019 tax sale—Pinnacle is equitably subrogated to the priority and position of the Access Mortgages, including any rights of redemption that attached to a mortgagee whose lien was of record at the time of the tax sale.

**V. D&C's threatened foreclosure**

28. By a Notice of Intent to Foreclose the tax lien, dated October 21, 2026, and sent through counsel, D&C notified Pinnacle that D&C is the holder of the tax lien certificate and the subsequent tax deed covering the Property, including Barbour County Parcel No. 24-03-05-3-003-008.000, and that D&C proposes to file a tax lien foreclosure action as soon as thirty (30) days, but no longer than 180 days, after the date of mailing the notice. Copies of the notice were also sent to DG Eufaula and to the Barbour County Revenue Commissioner.

29. On or about October 26, 2026, D&C caused to be served on Pinnacle a Notice of Intent to Foreclose the tax lien on the Property, stating D&C's intention to file a tax lien foreclosure action within 30 to 180 days of the notice.

30. Pinnacle is ready, willing, and able to redeem the Property and to pay all sums lawfully due to D&C as determined by this Court, and it stands ready to pay such sums into this Court.

## CLAIMS FOR RELIEF

### COUNT I — DECLARATORY JUDGMENT

31. Pinnacle incorporates paragraphs 1 through 30 as if fully set forth herein.

32. An actual, justiciable controversy exists between Pinnacle and D&C concerning their respective rights, titles, and interests in the Property, which controversy is ripe for adjudication under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

33. Under Alabama law, a tax deed is void and conveys no interest where the underlying sale was invalid, and where ad valorem taxes are assessed to one who has no interest in the property, a subsequent sale of the property for nonpayment of taxes is void because the true owner receives no notice of the proceedings against the property. The validity of a tax sale requires not only a valid assessment but also notice to the true property owner; a sale based on an assessment and notice in the name of a prior owner, after conveyance to the true owner, is void and conveys no title.

34. The 2018 ad valorem taxes were assessed, and all notices of delinquency and sale were given, in the name of Lifetree, the former owner, and not in the name of DG Eufaula, the record owner of the Property at the time of the sale. DG Eufaula

received no notice of the proceedings. The May 7, 2019 tax sale was therefore void, and the tax deeds issued to D&C conveyed no title to the Property.

35. Where a tax deed is void, the purchaser acquires only the right to be reimbursed the taxes, costs, and expenses it is allowed by law, and does not acquire title to or the right to possession of the property. Accordingly, D&C's interest in the Property, if any, is limited to a lien for the amount lawfully allowed, and D&C is not entitled to possession of the Property or to damages for rental value, use, or occupancy.

36. Independently, no action for the recovery of real estate sold for the payment of taxes may be brought unless it is brought within three years from the date when the purchaser became entitled to demand a deed, and there is no time limit for recovery of real estate by an owner who has retained possession. D&C became entitled to demand a tax deed no earlier than three years after the May 7, 2019 sale, and DG Eufaula has retained possession of the Property at all times since the sale. D&C has brought no action to recover possession of the Property, and the time within which it could do so has expired.

37. Pinnacle is the holder of the valid and duly recorded Pinnacle Mortgage, which encumbers the Property and secures an indebtedness of DG Eufaula. Pinnacle's interest in the Property is superior to any interest of D&C that survives redemption.

38. Pinnacle is entitled to a judgment declaring that: (a) the May 7, 2019 tax sale and the resulting tax deeds are void and conveyed no title to D&C; (b) D&C's interest in the Property, if any, is limited to a lien for the taxes, costs, and expenses lawfully allowed, and D&C is not entitled to possession or to damages for rental value, use, or occupancy; (c) D&C is barred from recovering possession of the Property; (d) the

Pinnacle Mortgage is a valid and enforceable lien on the Property; and (e) Pinnacle is entitled to redeem the Property as set forth below.

**COUNT II — STATUTORY (ADMINISTRATIVE) REDEMPTION**

39. Pinnacle incorporates paragraphs 1 through 30 as if fully set forth herein. This Count is pleaded in the alternative to Count I.

40. Real estate sold for taxes to a purchaser other than the state may be redeemed by the owner, the owner's heirs or personal representatives, "any mortgagee or purchaser" of the land, or any person having a legal or equitable interest therein. Pinnacle, as the holder of the Pinnacle Mortgage, is a mortgagee and party in interest entitled to redeem the Property.

41. Where the mortgage or other instrument creating the lien under which a party seeks to redeem was duly recorded at the time of the tax sale, that party has, in addition to the general three-year period, the right to redeem at any time within one year from the date of written notice of the purchase served upon it by the purchaser. The Access Mortgages were duly recorded on December 8, 2017, before the May 7, 2019 tax sale. Pinnacle, having paid off and discharged the Access Mortgages, is equitably subrogated to their recorded position and to the redemption rights of a mortgagee whose lien was of record at the time of the sale.

42. Where no written notice of the purchase is given to a person authorized by statute to receive it, the right of a recorded mortgagee or its transferee to redeem is cut off only by adverse possession. No written notice of D&C's purchase sufficient under Ala. Code § 40-10-120 was served upon Access or upon Pinnacle as its successor, and D&C

has never been in adverse possession of the Property. Pinnacle's right to redeem therefore remains timely.

43. The redemption statutes are to be construed most favorably to the redemptioner. The amount required to redeem is to be computed in accordance with Ala. Code § 40-10-122, consisting of the amount for which the Property was sold, with interest, together with all taxes paid by the purchaser, with interest, and lawful costs and fees.

44. Pinnacle is entitled to redeem the Property by statutory redemption upon payment of the amount determined under Ala. Code § 40-10-122, and to have the tax deeds and any claim of D&C to the Property extinguished upon such redemption.

**COUNT III — JUDICIAL REDEMPTION**

45. Pinnacle incorporates paragraphs 1 through 30 as if fully set forth herein. This Count is pleaded in the alternative to Counts I and II.

46. Alabama law affords an owner, and a mortgagee, the right of judicial redemption of property sold for taxes, which is invoked by the filing of an original civil action against the tax-sale purchaser, or by counterclaim in an ejectment action brought by the purchaser, together with payment of the sums ascertained by the court into court. Section 40-10-83 authorizes a mortgagee of real property to commence an original action to force the tax-sale purchaser to propound its tax claim, lien, or tax title, so that the purchaser can be paid and the tax deed removed as a cloud on title.

47. Pinnacle, as the holder of the Pinnacle Mortgage, is a mortgagee entitled to maintain this action for judicial redemption.

48. The three-year "short statute of limitations" of Ala. Code § 40-10-82 bars only the tax purchaser's action to recover the Property, and the limitations period runs against a redeeming party no earlier than the date the purchaser became entitled to demand a tax deed. There is no time limit for recovery or redemption by an owner who has retained possession; constructive possession follows the title of the original owner and may be cut off only by the tax purchaser's continuous adverse possession for three years after the purchaser is entitled to possession. DG Eufaula has retained possession of the Property at all times since the tax sale, and D&C has never been in adverse possession. Pinnacle's right of judicial redemption has not been extinguished and is timely.

49. Upon motion, the court ascertains the amount paid by the purchaser at the sale and the taxes subsequently paid by the purchaser, with interest, together with a reasonable attorney's fee for the plaintiff's attorney, and enters judgment for that amount as a lien on the land; upon payment of the judgment into court, all title and interest in the land is divested out of the holder of the tax deed. Because the taxes giving rise to the sale were delinquent before January 1, 2020, interest is calculated at the rate of 12 percent per annum.

50. Pinnacle is entitled to judicially redeem the Property upon payment into court of the amount ascertained by the Court under Ala. Code § 40-10-83, and to a judgment divesting D&C of all title and interest in the Property upon such payment.

**COUNT IV — EQUITABLE REDEMPTION AND EQUITABLE SUBROGATION**

51. Pinnacle incorporates paragraphs 1 through 30 as if fully set forth herein. This Count is pleaded in the alternative to Counts I, II, and III.

52. The loan secured by the Pinnacle Mortgage was made and used to pay off and discharge the Access Mortgages in full; the parties contemplated that Pinnacle would hold security of equal dignity with the discharged Access Mortgages; the entire Access Mortgage debt was paid; and Pinnacle was not chargeable with actual knowledge of any intervening interest arising from the tax proceedings.

53. Under the doctrine of equitable subrogation, a lender whose proceeds pay off a prior recorded mortgage is subrogated to that mortgage's priority position, and constructive notice arising from recordation does not defeat the doctrine. Pinnacle is therefore subrogated to the position of the Access Mortgages, which were of record before the tax sale, and to the attendant right to redeem the Property and to preserve the priority of its lien.

54. The right of redemption is an equitable right, and redemption statutes are construed liberally in favor of redemption. A court of equity may permit Pinnacle to redeem the Property and may fix a reasonable time within which redemption must be effected upon payment of the sums lawfully due.

55. Pinnacle is entitled in equity to redeem the Property, to be subrogated to the position of the Access Mortgages, and to have D&C's interest in the Property extinguished upon payment of the amount lawfully due.

**COUNT VI — EQUITABLE INDEMNITY**

56. Pinnacle incorporates paragraphs 1 through 30 as if fully set forth herein.

57. Under Alabama Law, "a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred

by the wrongful nature of his conduct." *Allstate Ins. Co. v. Amerisure Ins. Companies*, 603 So. 2d 961, 963 (Ala. 1992).

58. The three elements of an indemnity claim are "(1) that the indemnitee be without fault, (2) that the indemnitor be the party responsible, or primarily liable, and (3) that the indemnitee has been required to pay out money by a judgment of a court." *Id.*

59. To protect its interest in the Property, Pinnacle may be forced to pay money to redeem the Property. Pinnacle is without fault in the dispute concerning the Property. DG Eufaula would be responsible if Pinnacle is required to pay money. Pinnacle would be entitled to indemnity from DG Eufaula for any funds it must pay to redeem the Property.

## **PRAYER FOR RELIEF**

WHEREFORE, Pinnacle Bank respectfully requests that this Court:

A. Enter a judgment declaring that the May 7, 2019 tax sale and the tax deeds issued to D&C on June 15, 2022 are void and conveyed no title to the Property;

B. Declare that D&C's interest in the Property, if any, is limited to a lien for the taxes, costs, and expenses lawfully allowed, and that D&C is not entitled to possession of the Property or to damages for rental value, use, or occupancy;

C. Declare that D&C is barred from recovering possession of the Property;

D. Declare that the Pinnacle Mortgage is a valid and enforceable lien on the Property and is superior to any interest of D&C surviving redemption;

E. In the alternative, permit Pinnacle to redeem the Property by statutory, judicial, and/or equitable redemption; ascertain and fix the amount required to redeem under Ala. Code §§ 40-10-83 and 40-10-122; and, upon payment of that amount, enter judgment

divesting D&C of all right, title, and interest in the Property and extinguishing the tax deeds;

F. Determine that Pinnacle is equitably subrogated to the position of the Access Mortgages;

G. Award Pinnacle its costs of this action; and

H. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of November, 2026.

*/s/ Stephen D. Wadsworth*
Christopher A. Bottcher
Stephen D. Wadsworth
Attorneys For Plaintiff Pinnacle Bank

**OF COUNSEL**:
Spencer Fane, LLP
2100 Southbridge Pkwy., Ste. 650
Birmingham, AL 35209
(205) 778-3331 (telephone)
cbottcher@spencerfane.com
swadsworth@spencerfane.com

## CERTIFICATE OF SERVICE

Pinnacle Bank respectfully requests the Clerk of Court to serve the Defendants by certified mail.

*/s/ Stephen D. Wadsworth*
OF COUNSEL